IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANIKA RENEA WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11cv374-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

The plaintiff, Shanika Renea Wood ("Wood"), applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II. STANDARD OF REVIEW

Wood was sixteen (16) years old on the date of onset and eighteen (18) years old at the time of the administrative hearing. Consequently, the ALJ first evaluated Wood's entitlement to benefits under the standards for children. An individual under 18 is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, [s]he is not disabled.
2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, [s]he is not disabled.
3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments does not meet, or is not medically equal or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d) (2003). In reviewing the Commissioner's decision, the court asks only whether her findings concerning the steps are supported by substantial evidence. *See Brown v. Callahan*, 120 F.3d 1133 (10th Cir. 1997).

After the ALJ determined that Wood was not disabled under the standards for children, he turned to her claim for benefits as an adult. Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

3

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  PLAINTIFF'S CLAIM

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

The plaintiff presents one issue for the Court's review. As stated by the plaintiff, the issue is "[w]hether the ALJ erred by failing to fully develop the record." (Pl's Br., doc. # 12, at 1, 4).

## IV. DISCUSSION

The ALJ, in his opinion, followed the regulations as listed above when he analyzed Wood's claim. After doing so, he concluded that Wood is not disabled and, therefore denied her claim for supplemental security income benefits. Following the hearing, the ALJ concluded that the plaintiff had severe impairments "attention deficit hyperactivity disorder and narcolepsy without cataplexy." (R. 41). Next, the ALJ found that Wood did not have an impairment, individually or in combination, that meets or medically equals any of the impairments listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P. In so finding, the ALJ makes no mention of Listing 112.11, Attention Deficit Hyperactivity Disorder. Instead, the ALJ concluded that Wood's "had some impairments, but find they do not rise to the severity to be disabling." (R. 44).

An ALJ has a duty to fully and fairly develop the record. *See e.g. Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). *See also, Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). When a claimant is unrepresented by counsel at the administrative hearing, the ALJ has a heightened duty to develop a full and fair record. *See e.g., Smith v. Schweiker,* 677 F.2d 826, 829 (11th Cir. 1982). When there is no waiver of the right to representation at the hearing, and a disability claimant is unrepresented by an attorney, the duty of an ALJ to develop a full

5

and fair record rises to a special level. *Id.* The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).

The Commissioner concedes that Wood "was not properly advised of her right to counsel; thus, she did not knowingly waived (sic) that right." (Mem. in Supp., doc. # 13, at 7). However, the Commissioner argues that Wood was not prejudiced by that error. The court disagrees. A remand to the Commissioner is warranted when the plaintiff shows prejudice. *Kelley, supra.*

> This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision. *See Smith* [*v. Schweiker,* 677 F.2d 826, 830 (11th Cir. 1982)] (relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice).

*Id.* at 1540.

The court has reviewed the record and concludes that the plaintiff was prejudiced by the ALJ's failure to adequately and fully develop the record regarding Wood's treatment by Dr. Block. The ALJ describes Dr. Block's treatment of Wood as follows.

> Dr. Patricia Block has followed the claimant from 2000. She has treated the claimant for allergies, asthma, viral trigger, allergic rhinitis, reactive airway disease, flu like illness dysuria, possibly medication related, sinusitis, questionable sleep apnea, history of narcolepsy, myopia, and attention deficit hyeractivity disorder. The claimant was seen by Dr. Patricia Block on September 5, 2006. The diagnoses were allergies, headache and probable myalgia causing side pain. X-rays of the sinuses were normal. The pain was noted to be musculoskeletal and her allergy medications were renewed.

(R. 42).

      The most recent records from Dr. Block, Wood's treating physician, are from 2006. During the administrative hearing, at which Wood was unrepresented by counsel, Wood's mother informed the ALJ that he did not have the most recent records from Dr. Block.

> ALJ: . . . Did you have anything else you wanted to – well, I put the other things into evidence.
> WIT: There might have been some old medicine. They probably added to since she was in here last.
> ALJ: Well, let me check. I always like to make sure I got everything. We got the new report from Dr. Lebonowski in from Dosen Behavioral Medicine. Those were the two which we introduced today.
> WIT: I didn't get the thing from the asthma, allergy – Dr. Blocker (PHONETIC)
> ALJ: Okay –
> WIT: But she out in – she was on vacation. I didn't know --
> ALJ: Okay.
> WIT: Didn't get a chance to get the paperwork.
> ME: Okay, I will – let's, let's get a – we will get Dr. – an update from Dr. Block because the last we have from Dr. Block is from '06. Let's get – we're going to have you sign a release --
> WIT: Okay.
> . . .
> ALJ: Okay. I'm taking notes.
> WIT: She (INAUDIBLE) Dr. Block prescribed asthma and allergy medicine.
> ALJ: Okay. Okay, so updates from Dr. Block. Okay. Okay. We're going to get you – as a matter of fact, because Shanika's now over 18, she can sign her own release. Okay? And she'll, she'll go ahead and, and sign that, and we'll get the updates from Dr. Block on that. Okay. And she signed – okay, she already signed it. Okay. Okay, well, we're set, we're set to go. I, I will get, I will get the updated medicines, the updated notes from Dr. Block. . . .

(R. 29-30).

      The ALJ did not secure additional records from Dr. Block before rendering his decision in 2009. Among other things, the Commissioner argues that "there is no reason to

assume that these records would show anything different than Dr. Brock's earlier treatment notes that are already in the record, and which simply showed Plaintiff presenting for regular follow-up appointments and receiving medications (Tr. 225-49)." (Mem. in Opp., doc. # 13, at 8)  But there is equally no reason for the court to assume that these records do not contain medical information which was necessary to an informed decision.  Here, the ALJ failed in his heightened duty as well as in his representation to secure the medical records, and the court will not permit the Commissioner to ignore the consequences by suggesting it doesn't matter. The court concludes that Wood was prejudiced by the ALJ's failure to secure those records.

But that is not all.  The ALJ compounded his error and further prejudiced Wood when he failed to develop the record regarding her possible auditory processing disorder.  When she applied for disability benefits, Wood indicated that Dr. Block had administered a hearing testing and IQ testing in August 2004.  (R. 100).  On September 24, 2004, Wood was evaluated by Dr. Jerlyn McCleod, a child psychiatrist. (R. 279-82).  Dr. McCleod noted the possibility that Wood suffered from Auditory Processing Disorder and referred her to Dr. Barry Funkhouser, a licensed psychologist, for further assessment. (R. 281).

On January 19, 2005, Wood had a psychological evaluation by Dr. Funkhouser. (R. 179-82).  He administered the SCAN-A test to "assess possible central auditory processing problems."  (R. 181).  She scored in the "1st percentile, which strongly raises suspicion of auditory processing problems." (R. 182).  Dr. Funkhouser suggested that Wood be evaluated

by an audiologist to evaluate possible auditory problems. (*Id.*)

Wood was evaluated at Auburn University Montgomery Speech and Hearing Clinic on October 20, 2005. (R. 184-86). The results of this testing indicated "weaknesses in virtually all areas of auditory processing including auditory figure grounds, phonemic decoding, auditory memory, integration, and organization tasks.

Even the medical expert at the hearing referred to this impairment.

> Q: Okay. Okay, and is there any other impairment?
> A: Well, several years ago she had something which was called an auditory processing disorder, and, and she had some recommendations regarding auditory training and language therapy, etc., etc., and apparently there was nothing further in the record about that, and she has managed to graduate from high school, so I think apparently that was either –
> Q: Okay.
> A: – resolved or responded to treatment. Then there's a history of asthma, but the records didn't show any acute episode.

(R. 23)

Despite this testimony, the ALJ simply ignores this impairment and makes no reference to these records in his determination. The Commissioner argues that the plaintiff suffered no prejudice as a result of being unrepresented at the hearing because there were no evidentiary gaps in the record. (Mem. in Opp., doc. # 13 at 13). The Commissioner is simply wrong. There is clearly an evidentiary gap regarding whether Wood suffers from an auditory processing disorder, and what effect, if any, it has on her ability to perform work. For example, Dr. Holmes, the audiologist who conducted testing, suggested that Wood "had difficulty responding in the presence of background noise," and "would benefit from

9

individualized language therapy." (R. 186). Because the ALJ failed to secure Dr. Block's records, and failed to develop the record regarding the auditory processing disorder, the court concludes that Wood was prejudiced by her lack of representation, and this case is due to be remanded for further proceedings.

The Commissioner mistakenly treats this proceeding as if it were an adversarial proceeding, discounting the prejudice to the plaintiff because she has failed to present Dr. Block's records to this court or the Appeals Council. (Mem. in Opp., doc. # 13, at 8) (arguing that the plaintiff's current attorney did not submit further records). However, social security hearings are not adversarial. "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000). *See also Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000). This is particularly true when the claimant is unrepresented and only eighteen years old at the time of the administrative hearing before the ALJ.

In light of the ALJ's failure to fully develop the record, the court concludes that the ALJ failed to meet his burden to consider this case in accordance with applicable law, and thus, the court is unable to determine whether the ALJ's conclusion that the plaintiff is not disabled is supported by substantial evidence.

## IV. CONCLUSION

For all the foregoing reasons, this case must be remanded to the Commissioner for

further review in accordance with this opinion.  It is further

  ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).

  A separate final judgment will issue.

  Done this 2nd day of February, 2012.


        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE